By the Court :
The question presented in this case is, whether the plaintiff in certiorari, against whom judgment has been entered, on a writ of attachment, issued by a migistrate can assign for error the fact that he was a resident of the county where the writ issued, and had not absconded, as was averred in the affidavit on which the attachment issued. The writ of attachment is given by statute, and can be issued only against absconding debtors, or such as do not reside within the county; for convenience, or from the necessity of the vjase, the justice is authorized to receive the affidavit of the creditor, that his debtor absconds, or is a non-resident, and on that evidence to issue the writ, but the legality of the process depends on the fact, and not on the affidavit, which is received as evidence of the fact. The process against a resident must be a summons or capias on which personal service is required — ho must have a day to answer before judgment — he is entitled to a stay of execution, and his property is not liable to be taken in the first instance as in case of an attachment. The statute makes this distinction, and it is not in the power of a creditor, by perjury or mistake, to do away its legal obligation, or the right of the debtor to insist on it. Process may issue by mistake, and proceedings on it be sustained until the mistake is judicially ascertained ; but whenever that is done, the party injured is entitled to relief. Individuals áre not at *25 liberty to change *the law, or by fraud, or mistake to create a jurisdiction, not known to the law; and when such an attempt is made, the proceeding can not be sustained after the truth is judicially known. An attachment founded on an affidavit taken in conformity with the statute, must be considered prima facie as legal, and will sustain the writ and the proceedings had on it; but as this mode of proceedings is not authorized against a resident who does not abscond, whenever it is ascertained that the defendant is a resident of the county and has not absconded, proceedings must be stayed. The remedy by attachment being founded on the alleged absence of the defendant, personal notice is not required; the proceedings are ex parte — the defendant has no day in court; judgment may be obtained and his property sold without his knowledge and before it is in his power to take advantage of the error. It seems necessary, therefore, to prevent abuses of legal process in cases like this, that the party injured should be permitted to assign the fact for error, on a writ of certiorari; and we do not discover anything in the practice, inconsistent with the principles which govern proceedings in the nature of appeals in other cases. On a writ of error, the plaintiff may assign for error matter of fact not apparent on the record, and put the defendant to take an issue, either on the fact or on the law, which seems to be the course pursued in this case.†

NoTE by the Editor. — As to the absence of all the debtors in attachment cases, see also iv. 132, 149. Certiorari in attachment cases, see also ii. 202.